```
                    Form 3015-1 - Chapter 13 Plan
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF MINNESOTA

                           CHAPTER 13 PLAN
```

In re: Sanderson, Jason Charles

Dated: 1/13/2011

_____
DEBTOR

Case No.

_____
*In a joint case,*
*debtor means debtors in this plan.*

**1. DEBTOR'S PAYMENTS TO TRUSTEE** —
a. As of the date of this plan, the debtor has paid the trustee $ 0.00_____.
b. After the date of this plan, the debtor will pay the trustee $ 300.00_____ per month_____ for __60__ months, beginning within 30 days after the order for relief for a total of $ 18,000.00_____. The minimum plan length is __36 or ✔60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
c. The debtor will also pay the trustee _____
d. The debtor will pay the trustee a total of $ 18,000.00_____ [line 1(a) + line 1(b) + line 1(c)].

**2. PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ 1,800.00 , [line 1(d) x .10].

**3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** – The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|
| a. | $ | | $ |
| b. | $ | | $ |
| c. TOTAL | | | $ |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** – The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|
| a. United Leasing | Equipment Lease |
| b. | |

**5. CLAIMS NOT IN DEFAULT** – Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Claim |
|---|---|
| a. HSBC Retail Services | 2006 Victory Motorcycle |
| b. | |
| c. | |

**6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates.* The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. | $ | $ | | | $ |
| b. | $ | $ | | | $ |
| c. | $ | $ | | | $ |
| d. TOTAL | | | | | $ |

**7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

| Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | $ | | $ | | | $ |
| b. | $ | | $ | | | $ |
| c. | $ | | $ | | | $ |
| d. **TOTAL** | | | | | | $ |

**8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beginning in Month # | (Monthly X Payment) | Number of Payments) | = | Payments on Account of Claim | + | (Adequate Protection from ¶ 3) | = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| a. | $ | $ | | | $ | | | $ | | $ | | $ |
| b. | $ | $ | | | $ | | | $ | | $ | | $ |
| c. | $ | $ | | | $ | | | $ | | $ | | $ |
| d. **TOTAL** | | | | | | | | | | | | $ |

**9. PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates*. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $ 1,950.00 | $ 243.75 | 1 | 8 | $ 1,950.00 |
| b. Domestic support | $ | $ | | | $ |
| c. IRS | $ | $ | | | $ |
| d. MN Dept. of Rev. | $ | $ | | | $ |
| e. _____ | $ | $ | | | $ |
| f. TOTAL | | | | | $ 1,950.00 |

**10. SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows: _____
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates*.

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a | | | | | | $ |
| b. | | | | | | $ |
| c. TOTAL | | | | | | $ |

**11. TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of
approximately $ 14,250.00 [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)].
a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ 0.00
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ 52,686.46 .
c. Total estimated unsecured claims are $ 52,686.46 [line 11(a) + line 11(b)].

**12. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS** — The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.   * See Below

**14. SUMMARY OF PAYMENTS** —
Trustee's Fee [Line 2] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1,800.00
Home Mortgage Defaults [Line 6(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
Claims in Default [Line 7(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
Other Secured Claims [Line 8(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
Priority Claims [Line 9(f)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1,950.00
Separate Classes [Line 10(c)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
Unsecured Creditors [Line 11] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 14,250.00
**TOTAL [must equal Line 1(d)]** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 18,000.00

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*

/s/ Stephen R. Conroy

Stephen R. Conroy

P.O. Box 999

Monticello , MN   55362

763-295-6667

0224741

Signed /s/ Sanderson, Jason Charles _____
         Sanderson, Jason Charles

Signed _____

* Debtor pledges all disposable income for the duration of the plan.  Debtor's portion of tax refunds are considered disposable income for purposes of this plan, as well as any bonuses received by debtor.  The debtor shall turn over to the Trustee the receipt of any state and federal tax refunds during the Chapter 13 case as additional plan payments, and will not spend, transfer, encumber or dissipate any portion of such refunds without the consent of the Chapter 13 Trustee.